IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JERRY LYNN BISBY, | § | |
|     TDCJ-CID NO. 654038, | § | |
|         Petitioner, | § | |
| v. | § | C.A. NO. C-06-553 |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
|         Respondent. | § | |

## ORDER DENYING APPOINTMENT OF EXPERT

This is a petition for habeas corpus brought by a state inmate pursuant to 28 U.S.C. § 2254. Pending is his motion for the appointment of an expert. (D.E. 18). Specifically, he asserts that his trial counsel was ineffective for failing to obtain a ballistics expert. Id. at 1. He now seeks an expert to conduct an experiment recreating the wound to the victim in his criminal case. Id. at 2.

Petitioner challenges a murder conviction from December 10, 1993. (D.E. 1, at 2). On October 5, 1995, the Texas Court of Appeals affirmed his conviction. Bisby v. State of Texas, 907 S.W.2d 949 (Tex. App. 1995). Petitioner filed a habeas challenge to his conviction, which was final when the United States Supreme Court declined to grant his petition for writ of certiorari. Bisby v. Johnson, 528 U.S. 849 (1999); see also Bisby v. Johnson, 529 U.S. 1124 (2000) (petition for rehearing denied).

Rule 6 of the Rules Governing Section 2254 Cases provides for limited discovery in habeas petitions. Petitioner's request for a ballistics expert is pursuant to Rule 6. However, A habeas petitioner is generally not entitled to discovery, rather "Rule 6 of the Rules Governing § 2254 cases permits discovery only if and only to the extent that the district court finds good cause." Murphy v. Johnson, 205 F.3d 809, 814 (5th Cir. 2000) (emphasis added). The Fifth

Circuit has explained that "[i]n order to establish good cause, the petitioner must demonstrate that 'a factual dispute, if resolved in the petitioner's favor, would entitle him to relief and the state has not afforded the petitioner a full and fair evidentiary hearing.'" Lave v. Dretke, 416 F.3d 372, 381 (5th Cir. 2005) (quoting Ward v. Whitley, 21 F.3d 1355, 1367 (5th Cir. 1994)).

Petitioner has failed to establish that an expert is necessary at this juncture. First, petitioner's request for an expert after he has already filed his petition demonstrates that the expert is unnecessary to assist him in preparing his claims. Lawson v. Dixon, 3 F.3d 743, 753 (4th Cir. 1993).

Moreover, his request for the appointment of an expert is further construed as potentially raising a claim pursuant to Ake v. Oklahoma, 470 U.S. 68 (1985). "The *Ake* claim will be determined upon a review of the habeas petition on the merits. There is no need to incur the expense to demonstrate prejudice until petitioner has established an initial violation of *Ake*." Moseley v. French, 6 F. Supp.3d 474, 479 (M.D.N.C. 1998).

Finally, respondent has not yet filed any dispositive motion. It is possible that respondent may file a motion to dismiss that does not address the merits, but asserts that the claims are time barred.

Accordingly, petitioner's motion for the appointment of an expert, (D.E. 18), is hereby denied without prejudice.

ORDERED this 26th day of February 2007.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE