IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JERRY LYNN BISBY, | § § | |
| v. | § § | C.A. NO. C-06-553 |
| NATHANIEL QUARTERMAN. | § | |

## **OPINION AND ORDER OF TRANSFER**

This is a habeas action filed by a state prisoner pursuant to 28 U.S.C. § 2254. He is being held at the Texas Department of Criminal Justice, Criminal Institutions Division's McConnell Unit, which is located in Beeville, Texas.

Petitioner is challenging his conviction and sentence in the 371st Judicial District Court of Tarrant County, Texas. (D.E. 1, at 2). He asserts that his conviction was obtained with evidence from an unconstitutional search and seizure, his conviction was obtained because the prosecution withheld exculpatory evidence, and his counsel was ineffective. Id. at 6. In Ground One, he claims that his counsel was ineffective because he failed to obtain a ballistics expert to conduct distance tests. Id. at 7. In Ground Two, he claims that the trial court abused its discretion and failed to properly screen expert testimony by allowing an assistant medical examiner to testify about the distance from which the victim was shot. Id. In Ground Three, he claims that defense counsel failed to investigate key evidence or properly prepare a defense. Id. In Ground Four, he claims that he is actually innocent of the crime. Id. at 8.

A habeas action may be filed either in the district where petitioner is in custody, or in the district in which petitioner was convicted. 28 U.S.C. § 2241(d); Wadsworth v. Johnson, 235 F.3d 959, 960-61 (5th Cir. 2000). Within the context of § 2241(d), courts have traditionally held

that the most appropriate venue for challenges to the legality of a conviction is in the district court for the district where the State conviction and sentence occurred, while challenges to the implementation of the sentence, such as prison disciplinary matters, should be considered in the district court for the district where such person is in custody. Story v. Collins, 920 F.2d 1247, 1250-51 (5th Cir. 1991). The Fifth Circuit explained the basis for choice of venue as follows:

> Under 28 U.S.C. § 2241(d), state convicts may file federal habeas corpus petitions in the district where they are confined or where they were convicted. The purpose of this, of course, is to provide a more convenient forum for witnesses.... Section 2241(d) militates in favor of filing the applicant's petition in ... the division where the witnesses are located, rather than in ... the division in which the applicant is confined.

Mitchell v. Henderson, 432 F.2d 435, 436 (5th Cir. 1970) (citation omitted).

Petitioner was convicted and sentenced on December 10, 1993 in the 371st Judicial District Court of Tarrant County, Texas, (D.E. 1, at 2), which is located in the Fort Worth Division of the Northern District of Texas. See 28 U.S.C. § 124(a)(2). A district court for the district wherein an application for habeas corpus has been filed may, in its discretion and in the furtherance of justice, transfer the petition to a more appropriate district for disposition. See 28 U.S.C. § 2241(d). Should an evidentiary hearing ever be necessary in this case, the evidence and any witnesses concerning the petitioner's criminal proceedings are more likely to be found in the county where his conviction was entered.

Accordingly, it is ordered that the Clerk of the Court TRANSFER this action to the United States District Court for the Northern District of Texas, Fort Worth Division.

ORDERED this 15th day of March 2007.

JANIS GRAHAM JACK
UNITED STATES DISTRICT JUDGE